```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
RIMMA GAMER,                                    :
                                                :
                         Plaintiff,             :
                                                :         MEMORANDUM &
         -against-                              :         ORDER
                                                :
DAVID MYASKOVSKY TRUSTEE FOR EMMA               :
MYASKOVSKY IRREVOCABLE TESTAMENTARY :          20-CV-2345 (DG) (MMH)
TRUST, EMMA MYASKOVSKY IRREVOCABLE  :
TESTAMENTARY TRUST, and DAVID                   :
MYASKOVSKY,                                     :
                                                :
                         Defendants.            :
---------------------------------------------------------------------x
```

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Rimma Gamer sued Defendants David Myaskovsky and the Emma Myaskovsky Irrevocable Testamentary Trust (the "Trust"), alleging breach of contract and unjust enrichment claims related to a promissory note for $1,000,020. (*See generally* Compl., ECF No. 1.)[1] Plaintiff requested leave to amend the Complaint to add breach of contract and unjust enrichment claims related to two additional unpaid loans, pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). (Notice of Mot., ECF No. 16.)[2] The Court denied Plaintiff's motion as to the proposed breach of contract claims. (*See* 12/3/2021 Order). For the reasons stated below, the Court **denies** the motion as to the proposed unjust enrichment claims.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted.

[2] "Notice of Mot." refers to Plaintiff's notice of motion to amend the complaint (ECF No. 16) and its attachments: Plaintiff's Motion for Leave to File 1st Amended Complaint (ECF No. 16-1); (2) a memorandum of law (ECF No. 16-2); (3) the proposed Amended Complaint ("Am. Compl.") (ECF No. 16-3); and (4) a proposed Order (ECF No. 16-4). Defendants filed a memorandum in opposition ("Defs.' Mem."). (ECF No. 17.) Plaintiff filed a reply brief ("Pl.'s Reply") (ECF No. 19) with one exhibit ("Pl.'s Reply Ex. A"). Plaintiff later filed a redlined copy of the proposed Amended Complaint. (ECF No. 19.)

I.   **BACKGROUND**

    A.   **Plaintiff's Allegations**

In the Complaint, Plaintiff alleged the following. Myaskovsky is the trustee for the Trust, which was created in Washington. (Compl. ¶¶ 2–3.) On or about October 19, 2006, Plaintiff and Myaskovsky, on his own behalf and as trustee of the Trust, executed a "due on demand" promissory note (the "Promissory Note"). (*See* Compl. Ex. A, ECF No. 1-3.) Under the terms of the Promissory Note, Myaskovsky agreed to pay Plaintiff $1,000,020, "in return for value received," with an annual interest rate of 5%. (*Id.* at 2.) Plaintiff wired the loan money to Myaskovsky. (Compl. ¶ 9.) At an unspecified time using an unnamed method, Plaintiff demanded repayment of the Promissory Note, which Myaskovsky refused. (*Id.* ¶ 11.)

    B.   **Procedural History**

Plaintiff filed the Complaint against Myaskovsky (individually and as trustee for the Trust) and the Trust on May 26, 2020, alleging breach of contract (Count I) and unjust enrichment (Count II) related to the unpaid Promissory Note. (Compl. ¶¶ 13–24.) Defendants moved to dismiss the Complaint for failure to state a claim. (*See* ECF No. 8.) Plaintiff later withdrew the breach of contract claim against Myaskovsky in his personal capacity. (11/6/2020 Min. Entry & Order.) After the parties submitted supplemental briefing, the Court denied Defendants' motion to dismiss the Complaint because Myaskovsky "provided no legal basis for the Court to determine a breach of contract claim cannot be brought against a trustee in his representative capacity." (11/23/2020 Order.)

    C.   **The Proposed Amended Complaint**

Plaintiff filed the motion to amend the Complaint on July 30, 2021. (Notice of Mot., ECF No. 16.) In addition to claims related to the unpaid Promissory Note, the proposed Amended

Complaint adds Defendant DMG Building, LLC ("DMG"), of which Myaskovsky is the sole "governor," and allegations related to two additional unpaid loans. (*See generally* Am. Compl., ECF No. 16-3.)

The proposed Amended Complaint includes the following. Count I alleges breach of contract against Myaskovsky as Trustee and the Trust for the unpaid Promissory Note. (Am. Compl. ¶¶ 17–23.) Count II alleges breach of contract against Myaskovsky individually because, in approximately August 2009, Myaskovsky asked Plaintiff for additional funds for his construction project, Plaintiff wired him $180,000, Plaintiff demanded payment, and Myaskovsky refused. (*Id.* ¶¶ 15, 28.) Similarly, Count III alleges breach of contract against DMG because on or about June 2, 2015, Plaintiff transferred $50,000 to DMG at Myaskovsky's request, Plaintiff demanded payment, and Myaskovsky refused. (*Id.* ¶¶ 16, 34.) The remaining counts allege unjust enrichment with respect to each unpaid loan: (1) against Myaskovsky as Trustee and the Trust for the unpaid Promissory Note (Count IV); (2) against Myaskovsky individually for the August 2009 loan of $180,000 (Count V); and (3) against DMG for the June 2015 loan of $50,000 (Count VI). (*Id.* ¶¶ 36–50.) Plaintiff seeks compensatory damages of full repayment of the loaned funds plus interest. (*Id.* at 7.)

Defendants opposed the motion, arguing that the proposed amendments were futile because they were time barred and otherwise failed to state a claim. (Defs.' Mem., ECF No. 17 at 6–10.) Defendants also argued that Plaintiff seeks amendment in bad faith because the claims could have been raised in the Complaint but were not. (*Id.* at 10–11.)

Plaintiff replied, attaching purported text messages between herself and Myaskovsky "clearly demanding money owed to be returned." (Pl.'s Reply, ECF No. 18 at 1; *see also* Pl.'s Reply Ex. A, ECF No. 18-1.) On June 6, 2019, Plaintiff stated, "What happened? You have

money for me?"³, to which "David" (presumably Myaskovsky) responded, "Ok. I will not care about you too." (Pl.'s Reply Ex. A, ECF No. 18-1 at 1.)  On August 20, 2019, Plaintiff stated, "Hi. You said this week you will get some news about money.  Any news?" and "You lost ability to type?" to which Myaskovsky responded, "No news."  (*Id.* at 2.)  Finally, on September 17, 2019, Plaintiff stated, "Hi.  Any news about money?" and received no response.  (*Id.* at 3.)

The Court denied the motion to amend the breach of contract claims in Counts II and III and reserved judgment as to the proposed unjust enrichment claims in Counts V and VI.  (*See* 12/3/2021 Min. Entry & Order.)  At the Court's request, the parties filed supplemental briefing. (*Id.*; Defs.' Suppl. Ltr., ECF No. 20; Pl.'s Suppl. Ltr., ECF No. 21.)

## II.     DISCUSSION

After the time expires for amending a pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). "Motions to add parties are governed by [Rule] 21 . . . and are afforded the 'same standard of liberality afforded to motions to amend pleadings under Rule 15.'"  *Nastasi v. Lari*, No. 15-CV-6066 (SIL), 2017 WL 943935, at *2 (E.D.N.Y. Mar. 9, 2017).  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A court should deny leave to amend or to serve a supplemental pleading only upon 'undue delay, bad faith or dilatory motive on the part of the [moving party], . . . undue prejudice to the [nonmoving party,] . . . [or] futility.'"  *Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (quoting *Foman v. Davis*, 371 U.S. 178 (1962) and citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603–04 (2d Cir. 2005)).  "Because the legal standard for futility is identical to the standard for dismissing a claim pursuant to Rule 12(b)(6), a court evaluating a motion to amend a pleading

---

³ The text messages are quoted verbatim without corrections to grammar or spelling.

'must take the allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Steele v. Paypal, Inc.*, No. 05-CV-1720 (ILG)(VVP), 2006 WL 3612852, at *1 (E.D.N.Y. Dec. 11, 2006) (citing *Gallegos v. Brandeis School*, 189 F.R.D. 256, 258 (E.D.N.Y. 1999)).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Membler.com LLC v. Barber*, No. 12-CV-4941 (JS)(GRB), 2013 WL 5348546, at *3 (E.D.N.Y. Sept. 23, 2013) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To plausibly allege unjust enrichment, "a plaintiff must establish '(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *R.B. Dev., Co. v. Tutis Cap. LLC*, No. 12-CV-1460 (CBA)(SMG), 2013 WL 12358006, at *18 (E.D.N.Y. Sept. 27, 2013) (citing *Nordwind v. Rowland*, 584 F.3d 420, 434 (2d Cir. 2009)).

"Under New York law, there is no identified statute of limitations period within which to bring a claim for unjust enrichment." *Voiceone Commc'ns, LLC v. Google Inc.*, No. 12-CV-9433 (PGG), 2014 WL 10936546, at *11 (S.D.N.Y. Mar. 31, 2014) (citing *Maya NY, LLC v. Hagler*, 106 A.D.3d 583, 585 (N.Y. App. Div. 2013)). Therefore, courts applying New York law[4] generally apply a six-year statute of limitations, especially "where. . . the unjust enrichment and breach of contract claims are based upon the same facts and pleaded in the alternative." *Voiceone Commc'ns*, 2014 WL 10936546, at *11; *see also* N.Y. C.P.L.R. § 213(1) (providing for a six-year statute of limitations for "an action for which no limitation is specifically prescribed by law").

---

[4] The parties agree that New York law applies to these purported oral agreements. (Tr., ECF No. 22 at 9:11–21; 10:6–12.)

5

Additionally, for an unjust enrichment claim, the statute of limitations "begins to run upon the occurrence of the wrongful act giving rise to the duty of restitution." *Martin Hilti Fam. Tr. v. Knoedler Gallery, LLC*, 137 F. Supp. 3d 430, 466 (S.D.N.Y. 2015) (quoting *Ingrami v. Rovner*, 45 A.D.3d 806, 808 (N.Y. App. Div. 2007)).

The parties agree that a six-year statute of limitations is applicable but disagree about when the statute begins to accrue. Plaintiff argues that the statute begins to accrue from the date "upon the occurrence of the wrongful act giving rise to a duty of restitution"—in other words, when Plaintiff requested the return of funds in the text messages dated June 6, 2019; August 20, 2019; and September 17, 2019, and Myaskovsky refused. (Pl.'s Suppl. Ltr., ECF No. 21 at 2 (quoting *Spiro v. Healthport Techs., LLC*, 73 F. Supp 3d 259, 277 (S.D.N.Y. 2014)).) Defendants contend that the six-year statute of limitations should be tied to the underlying contracts on which the unjust enrichment claims are based. (Defs.' Suppl. Ltr., ECF No. 20 at 1.) Because the loans were payable on demand, according to Defendants, the statute of limitations starts to run on the day the loan was made: for the $180,000 loan, in August 2009; and for the $50,000 loan, on June 2, 2015. (*Id.*)

While the six-year statute of limitations is applicable, the contract claim and the unjust enrichment claim do not necessarily accrue at the same time. The cause of action for the unjust enrichment cannot begin to accrue at the time the loan was made because the wrongful act giving rise to a duty of restitution—the failure to repay in response to a demand—had not yet occurred. *See Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 519–20 (2d Cir. 2001); *see also Martin Hilti Fam. Tr.*, 137 F. Supp. 3d at 466. The wrongful act here would have occurred once Plaintiff requested return of the funds and Myaskovsky refused.

However, even construing the allegations in the light most favorable to Plaintiff, the proposed Amended Complaint does not allege sufficient facts regarding when Myaskovsky, the Trust, or DMG refused Plaintiff's demand for repayment of the August 2009 and June 2015 loans. As to the August 2009 loan, the proposed Amended Complaint states, "[a]lthough Gamer has demanded payment, Defendant David Myaskovsky has failed and refused to pay such sum and the amount remains unpaid." (*See* Am. Compl. ¶ 44.) Similarly, for the June 2, 2015, loan, the proposed Amended Complaint states, "[a]lthough Gamer has demanded payment, Defendant DMG has failed and refused to pay such sum and the amount remains unpaid." (*Id.* ¶ 49.) The allegations in the proposed Amended Complaint do not specify for which loans Plaintiff seeks repayment. Simply put, Plaintiff fails to allege that the dates of the text messages correspond to the dates when the "wrongful act giving rise to a duty of restitution" occurred, and, therefore, the date from which the statute of limitations should run. *Golden Pac. Bancorp*, 273 F.3d at 520.

Moreover, even if the text messages are incorporated by reference into the proposed Amended Complaint, they do not appear to correspond to any specific loan. The messages themselves do not refer to the loans for which Plaintiff was requesting repayment, instead merely showing Plaintiff asking Myaskovsky for money. For example, on June 6, 2019, Plaintiff stated, "What happened? You have money for me?", to which "David" (presumably Myaskovsky) responded, "Ok. I will not care about you too." (Pl.'s Reply Ex. A, ECF No. 18-1 at 1.) Similarly, Plaintiff's text messages dated August 20, 2019, and September 17, 2019, also show her asking for money but provide no additional information about what money or why she was asking. (*See id.* at 2–3.) These messages could relate to the Promissory Note or even other funds Plaintiffs purportedly loaned to Myaskovsky, DMG, and/or the Trust. As such, they cannot be used to identify when the Defendants refused to repay the August 2009 and June 2, 2015, loans.

7

While evaluating a motion to amend a pleading, courts "must take the allegations of the complaint as true and draw all *reasonable* inferences in favor of the plaintiff." *Steele*, 2006 WL 3612852, at *1 (emphasis added). Here, the allegations in Counts V and VI are not "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations in the proposed Amended Complaint do not support running the statute of limitations for the unjust enrichment claims in Counts V and VI from any of the three dates in the text messages. As a result, the date on which the statute of limitations began to accrue is unknown. Accordingly, amendment is futile because the claims in Counts V and VI would be time barred. *See Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 560 (E.D.N.Y. 2020).

### III.  CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's motion to amend the Complaint to add allegations of unjust enrichment in Counts V and VI related to the August 2009 and June 2, 2015, loans.

**SO ORDERED.**

Brooklyn, New York
September 23, 2022

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge